# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO WARREN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-05-1417 |
| JON P. GALLEY, *et al.* | : | |
| Defendants | : | |

o0o

## **MEMORANDUM**

The above-captioned civil rights action, filed on May 23, 2005, alleges that Plaintiff was not provided adequate protection from violent assaults by other inmates. Paper No. 1. Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 15. Although Plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, he has filed nothing further in this case. Paper No. 16. Upon review of the papers filed, this court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

Background

Plaintiff alleges that on October 26, 2004, he was stabbed by another inmate at Western Correctional Institution (WCI). Paper No. 1 at p. 4. He claims his assailant was a member of the prison gang known as the Black Guerilla Family (BGF). *Id*. Plaintiff asserts he informed Defendants that he was stabbed by inmate Anthony Taylor, a member of the BGF. *Id*. In spite of the information provided by Plaintiff, he claims nothing was done to insure his protection. *Id*. He further claims that he was not provided with medical treatment for his stab wound until two months after the incident occurred. *Id*.

In his administrative remedy procedure request (ARP), Plaintiff claims that he was marked for a hit from the BGF because he was a former member of the gang and there was a perception that he had assisted prison officials during his incarceration at Roxbury Correctional Institution (RCI). *Id*. at pp. 5 –7.  He claimed that an enemies list with over 50 names on it, was generated under his previous Division of Correction identification number, had been deleted from his file. *Id*. Plaintiff's ARP was found meritorious in part, inasmuch as classification staff had not reviewed the enemies list from his previous incarceration, and the matter was referred for further investigation. *Id*. at p. 8.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

2

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

In order to prevail on his claim that Defendants failed to protect him, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987).

> "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837. *See also Rich v. Bruce*, 129 F. 3d 336, 339–40 (4th Cir. 1997).

Defendants assert that Plaintiff never reported the October 26, 2004, stabbing to correctional staff. Paper No. 15 at Ex. 1. Indeed, the base file shows that the first report of the assault took place on December 22, 2004, when Plaintiff requested medical attention. *Id*. at Ex. 4. At that time medical staff observed that Plaintiff had old scars that were well healed, but did not observe any physical evidence of a recent assault. *Id*.

Plaintiff's claim that his enemies list was not properly maintained by correctional staff was investigated. *Id*. at Ex. 1. As a part of the investigation, Jeffrey Nines, Case Management Specialist, interviewed Plaintiff. *Id*. at p. 2. Although Plaintiff claimed during the interview that he had numerous gang-related enemies throughout the Division of Correction, he did not provide Mr. Nines with any details. *Id*. Based on the investigation, Mr. Nines concluded that Plaintiff's enemy list was properly updated. *Id*.

Defendants explain that Plaintiff was assigned to disciplinary and administrative segregation because he was involved in a fight with another inmate on November 26, 2004. *Id*. at Ex. 2. The

4

altercation was videotaped by housing unit cameras and, when the tape was reviewed by correctional staff, Plaintiff was clearly seen stabbing his opponent. *Id*. A search of the area after the incident disclosed a 9 inch copper weapon. *Id*. At the institutional adjustment hearing charging Plaintiff with the assault, he pled guilty to the charges and was sentenced to 300 days segregation as a sanction. *Id* at Ex. 3. Plaintiff was also assigned to administrative segregation for purposes of his protection from other inmates. *Id*. at Ex. 1. Since his assignment to segregation, Plaintiff has not been exposed to other inmates in general population. *Id*. Although Plaintiff shares his cell with another inmate, he reports no problems with the arrangement. *Id*.

Plaintiff does not dispute the facts as alleged by Defendants which establish that there was no known risk of harm to Plaintiff that was ignored by Defendants. The evidence submitted by Defendants has established that: Plaintiff did not report the October 26, 2004, assault until two months after it occurred; there was no medical evidence that the assault actually occurred; and there was no failure by correctional staff to update Plaintiff's enemy list. In addition, it is clear that steps were taken to prevent Plaintiff from being physically harmed after he was involved in a fight with another inmate and that, upon his assignment to segregation, there were no reports of threats being made to Plaintiff. Accordingly, Plaintiff has failed to establish that his Eighth Amendment rights were violated by Defendants, who are entitled to summary judgment in their favor.

\_\_\_\_1/23/06_____  _____/s/_____
Date                         DEBORAH K. CHASANOW
                             United States District Judge